■ PAMELA WATERMAN GALE et al., Appellants, v BATH CENTRAL SCHOOL DISTRICT et al., Respondents. [829 NYS2d 359]—

Appeal from an order of the Supreme Court, Steuben County (Marianne Furfure, A.J.), entered October 28, 2005. The order, insofar as appealed from, denied in part plaintiffs' motion to dismiss the counterclaims pursuant to RPAPL 1955 (1).

It is hereby ordered that the order insofar as appealed from be and the same hereby is unanimously reversed on the law without costs, the motion is granted in its entirety, and the first counterclaim of defendants Liberty, East Washington, LLC and Laverne Billings is dismissed.

Memorandum: Plaintiffs commenced this action in November 2003 seeking, inter alia, a declaration that they are the owners of a parcel of land located on the east side of Liberty Street (Parcel) in the Village of Bath. Plaintiffs are the descendants of Ira Davenport, who, in 1899, gifted the Parcel to the predecessor of defendant Bath Central School District (School District). The deed provided that the conveyance was made upon the express condition that the Parcel would be used for school purposes only, and that, if it were no longer used for such purposes for six months, title would "reinvest" in Davenport and his heirs. In August 2002, the School District closed the school that was on property that included the Parcel, and thereafter contracted to sell the property to defendant Laverne Billings. Billings apparently assigned his rights in that contract to defendant Liberty, East Washington, LLC (Liberty) and, by deed recorded on June 12, 2003, the School District sold the property, including the Parcel, to Liberty. In their answer dated December 2, 2003, Liberty and Billings (collectively, defendants) asserted a counterclaim pursuant to RPAPL 1955 (1) to extinguish the reversion. Plaintiffs moved, inter alia, to dismiss that counterclaim, and Supreme Court denied that part of plaintiffs' motion. That was error.

RPAPL 1955 (1) provides: "Where land is held, whether or not in trust, for benevolent, charitable, educational, public or religious purposes and the use of such land is restricted to such purpose . . . by a special limitation or condition subsequent created in the conveyance or devise under which the land is so held, . . . an action may be brought in the supreme court to

obtain relief from such restriction as provided in this section." Assuming, arguendo, that defendants have standing to assert a counterclaim pursuant to RPAPL 1955 (1), we conclude that the counterclaim should have been dismissed. There was no evidence or allegation that, at the time defendants asserted their counterclaim, the Parcel was being held for educational purposes. Defendants thus cannot seek to extinguish the reversion pursuant to RPAPL 1955 (1) because that statute is inapplicable under the facts of this case. Present—Martoche, J.P., Centra, Fahey and Pine, JJ.